UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

March 14, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:   *Rebecca C. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 22-0609-BAH

Dear Counsel:

On March 11, 2022, Plaintiff Rebecca C. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2021). I have considered the record in this case, ECFs 6 and 9,[1] and the parties' cross-motions for summary judgment, ECFs 10 and 13.[2] I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY Plaintiff's motion, GRANT Defendant's motion, and AFFIRM the Commissioner's decision. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff protectively filed a Title II application for Disability Insurance Benefits ("DIB") and for a period of disability on February 16, 2019, alleging a disability onset of July 1, 2018. Tr. 320–26. Plaintiff's claim was denied initially and on reconsideration. Tr. 87–91. On February 4, 2021, an Administrative Law Judge ("ALJ") held a hearing. Tr. 35–59. Following the hearing, the ALJ sent out medical interrogatories to medical experts as well as vocational interrogatories to a vocational expert ("VE"). Tr. 483–94, 2159–69, 2181–92, 2492–2511. On March 1, 2021, Plaintiff amended her alleged onset date to September 8, 2018. Tr. 353. The ALJ held a subsequent hearing on July 7, 2021, at Plaintiff's request for additional testimony from the VE. Tr. 2780–92. After this hearing, the ALJ determined that Plaintiff was not disabled within the

---

[1] The bulk of the administrative record is contained in ECF 6. ECF 9 contains only a transcript of the supplemental hearing that occurred on July 13, 2021.

[2] Plaintiff filed an earlier motion for summary judgment before the supplemental record, ECF 9, was docketed. ECF 7. Plaintiff's later-filed motion includes references to this supplemental evidence but is otherwise substantially the same. As such, I will deny Plaintiff's earlier-filed motion for summary judgment, ECF 7, as moot.

*Rebecca C. v. Kijakazi*
Civil No. 22-0609-BAH
March 14, 2023
Page 2

meaning of the Social Security Act[3] during the relevant time frame.  Tr. 15–27.  The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.  *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.     THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).  The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process.  *See* 20 C.F.R. § 404.1520.  "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'"  *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since September 8, 2018, the alleged onset date."  Tr. 18.  At step two, the ALJ found that Plaintiff suffered from the severe impairments of "Systemic Lupus Erythematosus (SLE) and obesity."  *Id.*  The ALJ also determined that Plaintiff suffered from the nonsevere impairments of "fibromyalgia, chronic pulmonary embolism, anxiety, depression, and dysphonia."  *Id.*  At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  Tr. 21.  Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b). Specifically, the claimant can lift and carry 20 pounds occasionally and 10 pounds frequently; sit 6 hours total in an 8-hour workday; stand 2 hours total in an 8-hour workday; and, walk 20 minutes total in an 8-hour workday. Further, the claimant can occasionally reach overhead bilaterally with her upper extremities; can frequently reach in all directions, handle, finger, and feel bilaterally with the upper extremities; can occasionally push and pull bilaterally with the upper extremities; can frequently operate foot controls bilaterally with the lower extremities; can occasionally climb stairs and ramps, but never ladders, ropes, or scaffolds; can occasionally balance and stoop; but, can never kneel, crouch, or crawl. The claimant must avoid unprotected heights, and can tolerate only occasional exposure to moving mechanical parts and operating a motor vehicle. She cannot tolerate exposure to humidity, wetness, dusts, odors, fumes, pulmonary irritants, extreme cold, extreme

---
[3] 42 U.S.C. §§ 301 et seq.

*Rebecca C. v. Kijakazi*
Civil No. 22-0609-BAH
March 14, 2023
Page 3

heat, or vibrations. She can be exposed to moderate noise levels.

Tr. 22.  After considering testimony from the VE, the ALJ determined that Plaintiff was not able to perform past relevant work as a customer service representative (DOT[4] Code 299.367-010), office manager (DOT Code 169.167-034), sales representative (DOT Code 262.357-010), or an area coordinator (DOT Code 205.137-014) but could perform other jobs that existed in significant numbers in the national economy.  Tr. 25–26.  Therefore, the ALJ concluded that Plaintiff was not disabled.  Tr. 26–27.

### III.  LEGAL STANDARD

As noted, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards.  *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *see also Britt v. Saul*, 860 F. App'x 256, 259 (4th Cir. 2021) (citing *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015)) ("A disability determination must be affirmed so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence."). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).

Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) ("[Substantial evidence] means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.""). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Laws*, 368 F.2d at 642. In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV.  ANALYSIS

Plaintiff raises one main argument on appeal, specifically that the ALJ erred at step two by

---

[4] The "DOT" is shorthand for the Dictionary of Occupational Titles.  The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations.  U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Rebecca C. v. Kijakazi*
Civil No. 22-0609-BAH
March 14, 2023
Page 4

finding Plaintiff's "bipolar disorder, generalized anxiety disorder, major depressive disorder, excoriation disorder and borderline personality disorder to be non-severe impairments." ECF 10-1, at 12. In doing so, Plaintiff asserts that the ALJ "completely disregard[ed]" the medical opinions of Dr. Mareida Koyi, Plaintiff's treating psychiatrist, Drs. Stojan and Jacob, Plaintiff's treating rheumatologists, and Dr. Kukreja-Barua, a medical expert to whom the ALJ sent interrogatories after the initial hearing. *Id.* at 14–15. Defendant counters that substantial evidence supports the ALJ's step two determination and that the ALJ properly evaluated the medical opinions in the record under the prevailing regulations. ECF 13-1, at 5–13.

"At step two of the five-step sequential evaluation, the ALJ determines if the claimant has an impairment, or a combination of impairments, that is severe and meets the duration requirement." *Sharon W. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-2707, 2019 WL 2234499, at *1 (D. Md. May 23, 2019) (citing 20 C.F.R. § 404.1520(a)(4)(ii)). An impairment is "severe" if it "significantly limit[s the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1522(a). If the claimant has not met their burden of establishing the existence of any severe impairments, the ALJ will find that the claimant is not disabled. *See Sharon W.*, 2019 WL 2234499, at *1; 20 C.F.R. § 404.1520(c). If, however, the ALJ finds any impairment to be severe, "the ALJ continues with the sequential evaluation and considers how each of the claimant's impairments impacts her ability to perform work." *Sharon W.*, 2019 WL 2234499, at *1 (citing 20 C.F.R. § 404.1520).

Here, the ALJ supported his step two determination with substantial evidence. Specifically, the ALJ found that Plaintiff's "medically determinable mental impairments of major depressive disorder and anxiety disorder, considered singly and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore nonsevere." Tr. 18. In support of this finding, the ALJ summarized Plaintiff's mental health treatment history and evaluated the medical opinions of Plaintiff's treating physicians, Drs. Jacob, Stojan, and Koyi, as well as medical expert Dr. Kukreja-Barua. Tr. 18–20. The ALJ noted that "[t]he record contains no mental health treatment or reported issues with such, other than word finding difficulties[,] until May 2019" and that Plaintiff did not undergo an initial mental health evaluation until February 2020. Tr. 18. The ALJ cited record evidence indicating that Plaintiff "consistently presented with normal attention/concentration, cooperative appearance/behavior, intact memory, appropriate affect, depressed and anxious to euthymic mood, fair insight and judgment, spontaneous thought process, normal associations, appropriate thought content, and overall improved symptoms and functioning." Tr. 18–19. The ALJ also considered Plaintiff's participation in a partial hospitalization program in 2021, which she later reported was helpful. Tr. 19.

Despite the ALJ's ample discussion, Plaintiff contends that the ALJ erred by "completely disregard[ing]" and "dismiss[ing]" the medical opinions noted above. ECF 10-1, at 14–15. But, as Defendant notes, the ALJ discussed each of these opinions and evaluated their persuasive value as required under 20 C.F.R. § 404.1520c.[5] After summarizing the findings of Drs. Jacob, Stojan,

---

[5] Though Plaintiff notes that these doctors were "treating" physicians, ECF 10-1, at 14–15, under

*Rebecca C. v. Kijakazi*
Civil No. 22-0609-BAH
March 14, 2023
Page 5

and Koyi, the ALJ ultimately determined that they were not persuasive because they were inconsistent with other evidence in the record, including Plaintiff's treatment records, and because they were not supported by "the totality of the evidence." Tr. 20. The ALJ further explained that Dr. Kukreja-Barua's opinion was unpersuasive because it was internally inconsistent without explanation. *Id.*

Using the "special technique" as required by 20 C.F.R. § 404.1520a, the ALJ went on to determine that, based on the evidence in the record, Plaintiff only has "mild" limitations in each of the four broad areas of mental functioning, including: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. Tr. 20–21. Thus, the ALJ concluded that Plaintiff's medically determinable mental impairments were nonsevere. Tr. 21.

I note that though Plaintiff lists five impairments in her Motion for Summary Judgment, the ALJ only found Plaintiff's depression and anxiety to be nonsevere impairments. Tr. 18. Plaintiff does not argue that her bipolar disorder, excoriation disorder, and borderline personality disorder should have been medically determinable impairments. *See* ECF 10-1, at 12–15. Plaintiff's argument focuses almost entirely on her depressive symptoms and evaluates her mental health impairments together, rather than as discrete impairments requiring different analyses. *See id.* Moreover, Plaintiff's initial disability report, dated February 25, 2019, listed Plaintiff's conditions as "SLE Lupus," "Cognitive Impairment," "pulmonary embolisms," "joint pain," "brain fog," "speech impairment – stammer," and "lack of stamina, fatigue." Tr. 255. In Plaintiff's most recent disability report, dated December 19, 2019, Plaintiff indicated that she had no changes to physical or mental conditions and no new conditions. Tr. 435. At the original hearing, Plaintiff's attorney represented that her "mental health issues" included "anxiety," "bipolar disorder," and "depression." Tr. 43–44. Additionally, Listing 12.04 applies to depressive, bipolar and related disorders, so the analysis is the same for each. The ALJ evaluated all of Plaintiff's mental health records. Tr. 18–21. Thus, I do not find that the ALJ erred regarding Plaintiff's bipolar disorder, excoriation disorder, and borderline personality disorder.

Though I am sympathetic that the ALJ indicated at the February 2021 hearing that he "thinks she's disabled," as Defendant points out, the ALJ qualified this impression by noting that he had not "definitively made" a decision because it "doesn't look like anybody has done a thorough evaluation with regards to the mental health component." Tr. 57. The ALJ indicated that he needed more information to make a determination. Once he obtained that information, including responses to interrogatories from Dr. Kukreja-Barua, Dr. Mitchell, and the vocational expert, and with the benefit of the record as a whole, he was free to make a different determination based on substantial evidence after evaluating Plaintiff's claim using the five-step sequential process.

---

the prevailing regulations that govern claims—like Plaintiff's—filed after March 27, 2017, the ALJ is not required to give any specific weight to the opinions of treating physicians. *See* 20 C.F.R. § 404.1520c.

*Rebecca C. v. Kijakazi*
Civil No. 22-0609-BAH
March 14, 2023
Page 6

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Plaintiff's argument amounts a request to reweigh the evidence, which I am not permitted to do. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) ("Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence."). Here, the ALJ provided substantial evidence to support the conclusions in his step two analysis, so I must uphold the decision.[6]

### V.     CONCLUSION

For the reasons set forth herein, Plaintiff's motion for summary judgment or remand, ECF 10, is DENIED and Defendant's motion for summary judgment, ECF 13, is GRANTED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge

---

[6] Because I find that the ALJ did not err at step two, I need not consider whether the ALJ failed to cure any alleged errors at subsequent steps of the sequential evaluation, including in the RFC.